**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

JOE VLASTELICA,   CASE NO.: 24-cv-589

    Plaintiff,

vs.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
AND TRANSUNION, LLC

    Defendant.   **JURY TRIAL DEMANDED**
_____/

## COMPLAINT

Plaintiff, Joe Vastelica (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants Equifax Information Services, LLC (hereinafter "Defendant Equifax"), Experian Information Solutions, Inc. (hereinafter "Defendant Experian"), and TransUnion, LLC (hereinafter "Defendant TransUnion"), (collectively the "Defendants") in support thereof, respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. The FCRA was enacted to promote accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, and in doing so, promote the efficiency and public confidence in the banking system.

3. Defendants have violated the FCRA with respect to Plaintiff by failing to correct inaccuracies on his credit report.

4. Plaintiff brings claims for his actual and punitive damages against Defendants for their inaccurate reporting and for their failure to investigate Plaintiff's disputes of that inaccurate reporting.

## JURISDICTION AND VENUE

5. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue is proper in this District as Plaintiff resides in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this district. 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff is a natural person and resident of the State of Florida, residing in Fort Myers, Florida.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Defendant is a business entity and furnisher of credit information doing business in FLMD, Florida.

10. At all material times herein, is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

11. Defendant Equifax is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

12. Defendant Experian is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

13. Defendant TransUnion is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

14. The "Account" references Loan No. -4627 with Specialized Loan Servicing, LLC.

## FACTUAL ALLEGATIONS

15. Plaintiff was married to Ms. Adrianne Vlastelica, but was officially divorced on November 29, 2011.

16. The divorce was recorded in the official records on November 30, 2011. Thereafter, Ms. Vlastelica changed her name to Adrianne Pacione.

17. Ms. Pacione entered into a Loan Modification effective as of September 1, 2017. Mr. Vlastelica did not sign the Loan Modification as he was no longer married to Ms. Pacione and was not required to by law.

18. On or about August 7, 2023, Plaintiff requested credit reports from all three major credit reporting agencies (Transunion, Equifax, and Experian). Each credit reporting agency individually showed the Account as thirty (30) days past due commencing October 2017 and up to 150 days past due through June 2023.

19. , The Account continues to report as derogatory and past due on Plaintiff's credit reports.

20. On or about August 14, 2023, Plaintiff sent dispute letters to each of the three credit reporting agencies, Equifax, Experian, and Trans Union (the "First Dispute Letter") via certified mail disputing the erroneous reporting by Specialized Loan Servicing, LLC. Each letter included Plaintiff's driver's license number, Plaintiff's social security number, and Plaintiff's date of birth. Plaintiff specifically requested the CRAs remove all derogatory information and the entire tradeline from his credit reports for the Account. True and correct copies of the letters are attached hereto as Composite Exhibit A.

21. Experian received the First Dispute Letter on August 21, 2023.

22. Equifax received the First Dispute Letter on August 24, 2023.

23. On August 29, 2023, Experian responded with its investigation results for the Account (Report No. 0186-5708-65) (hereinafter "Experian's First Response") but failed to acknowledge or correct the inaccurate reporting of the Account.

24. On August 29, 2023, Equifax responded to Plaintiff's First Dispute Letter, with its investigation results for the Account (Report No. 3238561374)(hereinafter "Equifax's First Response"), asserting that the Account may be reported for 7 years; was verified and reporting correctly; and that certain information such as balance, past due, date of law payment and terms of duration were updated.

25. On September 26, 2023, Plaintiff sent a second round of disputes to each of the three credit reporting agencies, Equifax, Experian, and Trans Union (the "Second Dispute Letter"). True and correct copies of the letters are attached hereto as Composite Exhibit B.

26. Equifax, Experian and Trans Union received the Second Dispute Letter.

27. On October 19, 2023, Equifax responded with its investigation results (Report No. 3287534823) (hereinafter "Equifax's Second Response") indicating that the Account was verified and information on the Account was updated.

28. On October 19, 2023, Experian responded with its investigation results (Report No. 1817-4230-99) (hereinafter "Experian's Second Response") with reinvestigation information that still reported the Account inaccurately.

29. On October 20, 2023, Trans Union responded with its investigation results (Report No. 390287668) (hereinafter "Trans Union's Response"), indicating that the "disputed items were verified as accurate, however, other information has also changed."

30.

31. Plaintiff has recently abstained from applying for credit because the errors are destroying his ability to get credit.

32. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    a. Monies lost by attempting to fix his credit;

    b. Loss of time attempting to cure the errors;

    c. Mental anguish, stress, aggravation, embarrassment, and the other related impairments to the enjoyment of life;

    d. Inability to apply for any credit;

    e. Denials of credit accounts; and

    f. Reduction in credit score.

33. All conditions precedent to the filing of this action have occurred.

## COUNT I
## VIOLATION OF THE FCRA 15 U.S.C § 1681e(B)
## <u>EQUIFAX INFORMATION SERVICES, LLC</u>

Plaintiff re-alleges and reincorporates paragraphs 1 through 33, as if fully set forth herein.

34. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparing of the credit report and credit files it published and maintains concerning Plaintiff.

35. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

36. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

37. Equifax failed to properly conduct any independent investigation regarding the erroneous reporting.

38. Plaintiff is entitled to recover attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax Information Services, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE FCRA 15 U.S.C § 1681i
## EQUIFAX INFORMATION SERVICES, LLC

Plaintiff re-alleges and reincorporates paragraphs 1 through 33, as if fully set forth herein.

39. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

40. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

41. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

42. Plaintiff is entitled to recover attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax Information Services, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT III
### VIOLATION OF THE FCRA 15 U.S.C § 1681e(B)
### EXPERIAN INFORMATION SOLUTIONS, INC

Plaintiff re-alleges and reincorporates paragraphs 1 through 33, as if fully set forth herein.

43. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparing of the credit report and credit files it published and maintains concerning Plaintiff.

44. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

45. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

46. Experian failed to properly conduct any independent investigation regarding the erroneous reporting.

47. Plaintiff is entitled to recover attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian Information Services, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IV
## VIOLATION OF THE FCRA 15 U.S.C § 1681i
## EXPERIAN INFORMATION SOLUTIONS, INC

Plaintiff re-alleges and reincorporates paragraphs 1 through 33, as if fully set forth herein.

48. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

49. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

50. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

51. Plaintiff is entitled to recover attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian Information Services, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT V
### VIOLATION OF THE FCRA 15 U.S.C § 1681e(B)
### TRANSUNION LLC

Plaintiff re-alleges and reincorporates paragraphs 1 through 33, as if fully set forth herein.

52. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparing of the credit report and credit files it published and maintains concerning Plaintiff.

53. As a result of this conduct, action, and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

54. TransUnion's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

55. TransUnion failed to properly conduct any independent investigation regarding the erroneous reporting.

56. Plaintiff is entitled to recover attorney's fees and costs from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TransUnion Information Services, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT VI
### VIOLATION OF THE FCRA 15 U.S.C § 1681i
### TRANSUNION LLC

Plaintiff re-alleges and reincorporates paragraphs 1 through 33, as if fully set forth herein.

57. TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

58. As a result of this conduct, action, and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

59. TransUnion's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

60. Plaintiff is entitled to recover attorney's fees and costs from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TransUnion Information Services, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and its affiliates safeguard all relevant evidence—Electronically Stored Information, paper, electronic documents, or data—pertaining to this litigation.

        REBBECCA GOODALL LAW, PA

        /s/ Rebbecca A. Goodall
        Rebbecca A. Goodall, Esq.
        Florida Bar No.:  0115344
        rgoodall.law@gmail.com
        P.O. Box 1304
        Elfers, FL 34680
        (813) 438-3695
        Attorney for Plaintiff